IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 MAY -9 PM 1:01

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| NACCO MATERIALS HANDLING GROUP, INC. d/b/a YALE MATERIALS HANDLING CORP., <br><br> Plaintiff, <br><br> v. <br><br> TOYOTA MATERIAL HANDLING USA, INC., and THE LILLY CO., <br><br> Defendants. | NO.   03-2561 B/An |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff's Motion to Compel Defendant Toyota Material Handling USA, Inc. to Respond to Interrogatories and Requests for Production of Documents filed on February 22, 2005. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

Plaintiff Nacco Materials Handling Group, Inc. ("Plaintiff" or "Yale") manufactures and supplies fork lift trucks to retailers for resale. Plaintiff has sued Defendant The Lilly Co. ("Lilly") for breaching an Agreement between Plaintiff and Lilly and has sued Defendant Toyota Material Handling USA, Inc. ("Toyota") for inducing the breach of the Agreement. Both Toyota and Lilly have filed counterclaims against Plaintiff.

1

Lilly is a retailer which resells fork lift trucks in parts of Tennessee, Mississippi and Arkansas ("the region"), and for over fifty years, Lilly has served as an exclusive dealer for Plaintiff's products in the region. Plaintiff and Lilly's relationship is governed by the Yale Dealer Agreement ("Agreement"), which was renewed in July 2002 and includes a provision that prohibits Lilly from selling new fork lift equipment from any company that competes directly with Plaintiff. It is undisputed that Plaintiff and Toyota are competitors in the manufacture and sale of fork lift trucks. In 2003 Toyota was in the process of terminating its dealer relationship with another fork lift retailer in the region. At the same time, Toyota and Lilly discussed Lilly becoming a Toyota fork lift retailer in the region. During the summer of 2003, Lilly actually signed a dealer agreement with Toyota, where Lilly agreed to sell Toyota fork lift trucks, and when Plaintiff learned of Lilly's intentions, Plaintiff filed the instant action.

Plaintiff served Interrogatories and Requests for Production of Documents on Toyota on December 8, 2004. Toyota requested an extension of time to respond to the discovery requests, and Toyota submitted its responses to the discovery requests on February 15, 2005. Plaintiff argues Toyota's responses were "nothing but blanket, boiler plate objections containing no substantive response to any of the Interrogatories or Requests for Production." (Mot. to Compel, at 2). Specifically, Plaintiff argues that Toyota improperly raised relevance, over breadth and undue burden objections to the requests. Plaintiff argues that Toyota has refused to provide meaningful responses to the discovery requests in an attempt to delay these proceedings and prevent Plaintiff from obtaining relevant evidence.

In its Response to the Motion, Toyota argues that it provided discovery to Plaintiff in the weeks prior to a Preliminary Injunction hearing held before United States District Judge J. Daniel

Breen. Toyota also argues that Plaintiff is attempting to obtain discovery regarding Toyota's customers, prospective customers, sales, business plans, and its relationships with other fork lift dealers. Toyota argues that this information is confidential and not relevant to these proceedings. As such, Toyota claims it should not be required to respond to certain requests.

Toyota also disputes that Lilly is a Toyota dealer. While it is undisputed that Lilly does not sell Toyota products, the parties dispute that Lilly is nevertheless a Toyota dealer because of Lilly's relationship to another company. Thomas Clark III, president of Lilly, formed another corporation, Mid-South Lift Truck, Inc. ("Mid-South"). Toyota appointed Mid-South Lift Truck, Inc. as the Toyota dealer in the region; however, Toyota argues that Mid-South's appointment as the dealer is entirely unrelated to Lilly. Plaintiff, on the other hand, has attempted to define Lilly to include both Lilly and Mid-South because of Mr. Clark's relationship with both companies.

Plaintiff received permission to file a Reply Memorandum with the Court, and subsequently, the Court granted Toyota permission to file a Response to Plaintiff's Reply Memorandum.

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). In this Circuit, the scope of discovery is extremely broad under the Federal Rules

3

of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The United States Supreme Court has also noted that discovery should be both broad and liberal. *See Schlagenhauf v. Holder*, 379 U.S. 104. 114-15 (1964) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

In this matter Toyota has objected to numerous discovery requests, and Plaintiff has requested that the Court compel Toyota to provide complete responses to the discovery requests. After review, the Court concludes that the Motion to Compel should be granted in part and denied in part.[1]

### A. Interrogatories

#### 1. Interrogatory Nos. 1, 2, 4, and 6

Interrogatory Nos. 1, 2, 4, and 6 request information from Toyota concerning Lilly, which Plaintiff has defined to include both Lilly and Mid-South. The Court concludes that Lilly and Mid-South are two separate entities, and that Lilly should not be required to reveal information or communications concerning Mid-South, which is a non-party to this lawsuit. Mr. Clark, as the founder of Mid-South, should not be penalized for the formation of a new company and should not be required to divulge information from his new company. Therefore, with respect to Interrogatory Nos. 1, 2, 4, and 6, the Motion to Compel is **GRANTED** in part and **DENIED** in part. Toyota shall be required to respond to the requests, as each request relates to Lilly within

---

[1] Toyota argues that certain documents should not be produced because the documents are confidential and privileged. Therefore, for each document request that the Court has ordered Toyota to provide a complete response, Toyota shall not be required to produce an allegedly privileged document; however, Toyota shall produce a Privilege Log listing the allegedly privileged documents to Plaintiff.

11 days of entry of this Order; however, Toyota shall not be required to respond to each request, as it relates to Mid-South.

### 2. Interrogatory Nos. 8 and 9

Interrogatory No. 8 requests that Toyota "state the name and address of any individual or entity that markets a competitive product with which Toyota has had any discussion about that individual or entity becoming a Toyota dealer or having any business relationship with Toyota in the last three years." After review the Court concludes that Interrogatory No. 8 is overly broad and not relevant to these proceedings. Other than its discussions with Lilly, Toyota should not be required to disclose any communications it had with any entity concerning that entity becoming a Toyota dealer. This information is irrelevant to the proceedings, and Toyota would be required to spend a significant amount of time to provide the information requested. Therefore, with respect to Interrogatory No. 8, the Motion to Compel is **DENIED**.

Interrogatory No. 9 requests that Toyota "state the name and address of any individual or entity that represented a competitive product that has become a Toyota dealer in the last three years." Similar to Interrogatory No. 8, the Court concludes that Interrogatory No. 9 is overly broad in scope because Toyota would be required to spend a significant amount of time locating and listing the name of all individuals. Furthermore, except as it relates to Lilly, the information requested is not relevant to these proceedings, as Plaintiff did not include either potential dealers in this lawsuit. Therefore, with respect to Number 9, the Motion to Compel is **DENIED**.

### 3. Interrogatory No. 3

Interrogatory No. 3 requests that Toyota "provide a detailed explanation of the methods and procedures" used to locate and produce documents in Plaintiff's discovery requests. After

review, the Court concludes there is no reason to believe that Toyota does not understand its obligations under the Federal Rules of Civil Procedure. There is also no reason to believe that Toyota has failed to make a reasonable effort to locate and produce all relevant documents in response to the discovery requests. Therefore, with respect to Interrogatory No. 3, the Motion to Compel is **DENIED**.

### 4. Interrogatory No. 5

Interrogatory No. 5 requests that Toyota "state the factual basis and dollar amount of any damage Toyota contends has been sustained by Toyota as a result of any alleged act or omission of Plaintiff." Toyota claims that it is currently unable to answer as to the dollar amount of this claim because the amount of damages is ongoing, but because the response to this interrogatory is relevant and could lead to the discovery of admissible evidence, Toyota should be required to fully respond to this interrogatory. As such, with respect to Interrogatory No. 5, the Motion to Compel is **GRANTED**. Within 11 days of entry of this Order, Toyota should be required to list the amount of damages incurred to the present, and Toyota shall supplement their answer to Interrogatory No. 5 as it incurs additional damages.

## B. Requests for Production of Documents

### 1. Request Nos. 1 and 5

Request No. 1 asks Toyota to "produce all documents that relate to any financial projections, sales projections or revenue projections concerning the sale, lease or rental by Lilly of Toyota products or the sale of any parts or service by Lilly related to Toyota products." After review, the Court is unable to conclude how these projections or sales figures are relevant to Plaintiff's claim for damages against Toyota. As such, because a response to this interrogatory is

unlikely to lead to the discovery of admissible evidence, the Motion to Compel, with respect to Request No. 1, is **DENIED**.

Request No. 5 asks Toyota to "produce any marketing plan prepared, modified or commented upon by Toyota relating to the sale by Lilly of Toyota products or the sale by Lilly of parts for Toyota products on the service of Toyota products." Similar to Request No. 1, the information requested is unrelated to Plaintiff's claim of damages, and the Court concludes that Toyota should not be required to produce marking plans to Plaintiff. With respect to Request No. 5, the Motion to Compel is **DENIED**.

## 2. Request Nos. 2, 9, 10, 11, 13, 14, 15, 16, 17

Similar to Interrogatory Nos. 1, 2, 4, and 6, Requests Nos. 2, 9, 10, 11, 13, 14, 15, and 16 concern whether Toyota should be required to produce information and documents for both Lilly and Mid-South. As mentioned above, Toyota should not be required to produce documents regarding Mid-South because Lilly and Mid-South are two distinct entities. However, the Court concludes that Toyota should respond to the document requests regarding to Lilly only. Therefore, with respect to Requests Nos. 2, 9, 10, 11, 13, 14, 15, and 16, the Motion to Compel is **GRANTED** in part and **DENIED** in part. Within 11 days of entry of this Order, Toyota shall be required to respond to the requests, as each request relates to Lilly; however, Toyota shall not be required to respond to each request, as it relates to Mid-South.

## 3. Request Nos. 3, 6, 7, 8, and 12

Request No. 3 asks Toyota to "produce all documents, including any electronic e-mails or documents, received from Lilly." After review, the Court concludes that Request No. 3 is overly broad. Plaintiff has listed no time limit for Request No. 3 and has not limited the requests to

7

persons within the company or even to persons with knowledge of the claims of this lawsuit. Therefore, because the request is overly broad and would impose an undue burden on Toyota to respond to the discovery request, the Motion to Compel, with respect to Request No. 3, is **DENIED**.

Request No. 6 asks Toyota to "produce all internal memoranda, emails, notes or other documents arising out of, referring to, or related in any way to Plaintiff from January 1, 2004 to the present." The Court concludes that Toyota may be required to produce some internal memoranda, notes, or other documents relating to Plaintiff; however, not all documents involving Plaintiff may be relevant to this lawsuit. Therefore, because the scope of this interrogatory is overly broad, the Motion to Compel, with respect to Interrogatory No. 6, is **DENIED**.

Request No. 7 also asks Toyota to produce all internal memoranda, emails, or notes relating to any communication with any dealer or representative of Plaintiff from January 1, 2003 to the present. Similar to Request No. 6, the scope of this interrogatory is also overly broad because not all documents involving a representative or dealer of Plaintiff may be related to this lawsuit. Therefore, with respect to Request No. 7, the Motion to Compel is **DENIED**.

Request No. 8 asks Toyota to produce all documents referring to or related in any way to any communication with any customer or potential customer of Lilly from March 1, 2003 to the present. The Court concludes that this interrogatory is overly broad, as responding to this discovery request would require Toyota to produce documents that are not relevant to this lawsuit. Therefore, with respect to Request No. 8, the Motion to Compel is **DENIED**.

Request No. 12 asks Toyota to "produce all internal memoranda, emails, notes or other documenting arising out of or referring to or related to the sale or parts or service to any Lilly customer relating to any Toyota product." Because Plaintiff has not limited this request to a specific time period and because Plaintiff has not limited this request to documents relating to Plaintiff's claims against Toyota, the Court concludes that Request No. 12 is overly broad. Therefore, with respect to Request No. 12, the Motion to Compel is **DENIED**.

### 4. Request No. 4

Request No. 4 asks Toyota to "produce any marketing plan prepared by Lilly relating to Toyota products, parts or the service of Toyota products." While the Court concludes that Plaintiff may be entitled to these marketing plans, Plaintiff should request these marketing plans from Lilly, not from Toyota. Therefore, with respect to Request No. 4, the Motion to Compel is **DENIED**.

### 5. Request No. 18

Request No. 18 asks Toyota to "produce all internal memoranda, emails, notes or other documents arising out of, referring to, or related in any way to any claim of damage, injury or loss allegedly sustained by Toyota as a result of any alleged act or omission of Plaintiff." Similar to Interrogatory No. 5, Plaintiff is entitled to a complete response to Request No. 18 because the response could certainly lead to the discovery of admissible evidence. With respect to Request No. 18, the Motion to Compel is **GRANTED**. Toyota should submit a complete response to Request No. 18 within 11 days of entry of this Order for damages incurred to the present.

As Toyota incurs future damages, Toyota should supplement their response to Request No. 18.

**IT IS SO ORDERED.**

_S. Thomas Anderson_
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: May 06, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 108 in case 2:03-CV-02561 was distributed by fax, mail, or direct printing on May 11, 2005 to the parties listed.

---

J. S. Wilson
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Jeff Smith
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103

Jon D. Ross
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Glen G. Reid
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Mark S. Norris
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Aubrey B. Harwell
LAW OFFICE OF AUBREY B. HARWELL, JR.
150 Fourth Ave. North
Nashville, TN 37219

Ronald G. Harris
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Amy Holliman Brown
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Honorable J. Breen
US DISTRICT COURT