FILED BY ____ D.C.

05 NOV -2 AM 9: 03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| NACCO MATERIALS HANDLING GROUP, INC., d/b/a YALE MATERIALS HANDLING CORPORATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.   03-2561 B/An |
| TOYOTA MATERIAL HANDLING USA, INC., and THE LILLY COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING MOTION FOR LEAVE TO FILE
## SECOND AMENDED COMPLAINT

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint filed on July 8, 2005. For the reasons set forth below, the Motion is **GRANTED**.

### Background

This case is an action for breach of contract and for declaratory judgment against Defendant The Lilly Company ("Lilly") and for procurement of breach of contract against Defendant Toyota Materials Handling USA, Inc. ("Toyota"). Plaintiff filed the present Motion and states that the proposed Amended Complaint does not raise any new factual or legal issues. In addition, Plaintiff claims that Lilly has been on notice for many months that Plaintiff contends Lilly failed to comply with the specific provisions of the Dealer Marketing Agreements at issue and that the Amended Complaint is intended to conform the pleadings to the evidence that has been developed through discovery.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  11-3-05



Lilly argues that the Motion is untimely because the January 10, 2005 deadline for amending pleadings that was established in the Scheduling Order has passed. Lilly also disputes Plaintiff's claim that the purpose of the proposed Amended Complaint is to conform the pleadings to the evidence that has been discovered. It believes that Plaintiff has been aware of the allegations contained in the proposed Amended Complaint since the inception of the lawsuit and has merely waited until now to plead them. Further, Lilly claims that it will be prejudiced if the Court allows Plaintiff to amend its Complaint as it will now be forced to litigate these new allegations. Lastly, Lilly points out that Plaintiff has already included these new allegations in a separate lawsuit filed (Case No. 05-2165) because Plaintiff wanted to avoid missing the deadlines for amending pleadings in this action. Lilly does not deny, however, Plaintiff's assertions that it has known for some time that Plaintiff is alleging Lilly failed to comply with specific provisions of the Dealer Marketing Agreements.

Toyota argues that the Motion does not make it clear whether there are any new allegations which would alter Plaintiff's claims against Toyota. In the Original and First Amended Complaints, the only allegation levied against Toyota by Plaintiff is that Toyota procured Lilly to breach paragraph 3.15 of the Dealer Marketing Agreements and because Toyota has not been on notice that Plaintiff is alleging Lilly violated several provisions of the Agreements, any amendments that would alter Plaintiff's claims against Toyota would be prejudicial to Toyota and should not be allowed. In addition, Toyota argues that it should be allowed to take additional discovery if the Court grants the Motion and Toyota determines that the new Complaint does, in fact, alter Plaintiff's claims against it.

**Analysis**

A pleading may be amended "only by leave of court . . . and leave shall be freely given

when justice so requires." Fed. R. Civ. P. 15(a). The deadline for Plaintiff to amend its pleadings as set by the Court's Rule 16(b) Scheduling Order, however, has passed. Therefore, while Rule 15(a) does state that leave shall be freely given, courts have recognized a distinction when leave to amend is sought after the deadline for amending pleadings established in the Scheduling Order has passed. *Leary v Daeschner*, 349 F.3d 888 (6th Cir. 2003); *Byrd v. Guess*, 137 F.3d 1126, 1131-32 (9th Cir. 1998). In *Leary*, the Sixth Circuit discussed the proper standard a court should employ when a party seeks to amend his Complaint after the Rule 16(b) deadline has passed. *See Leary*, 349 F.3d at 904. "Once the Scheduling Order's deadline passes, a Plaintiff first must show good cause under Rule 16(b) for failure to seek leave to amend before a court will consider whether the amendment is proper under Rule 15(a)." *Id.* at 909. Furthermore, the *Leary* court held that in addition to the explicit good cause requirement of Rule 16(b), the potential prejudice to the non-movant should also be considered by the court when deciding whether or not to allow a party to amend beyond the deadline set in the Scheduling Order. *See id.*

Lilly is correct in stating that the deadline for amending pleadings has long since passed and Plaintiff does not offer a reasonable explanation as to why it waited until now to seek this amendment. In this Circuit, however, amendments are liberally applied and Plaintiff's proposed Amended Complaint does not raise any new factual or legal issues. Plaintiff is attempting to conform the pleadings to the contentions and evidence in the record, much of which was discovered after the Scheduling Order deadline had passed. In addition, Lilly does not deny that it had notice for many months that Plaintiff was claiming that it had violated several provisions of the Dealer Marketing Agreements and thus is not subject to any undue prejudice caused by Plaintiff's delay.

Furthermore, the trial date in this matter was vacated on July 21, 2005 because it was represented to the District Judge that a Motion to Consolidate this case with the other case filed by the Plaintiff against Lilly (Case No. 05-2165) was going to be filed (Docket Entry No. 165 of the present case). The minute entry states that "Scheduling issues to be set after ruling on Motion to Consolidate." Therefore, it is possible that additional discovery will be required if consolidation is granted.

In light of the practice in this Circuit to liberally allow amendments and because there is good cause and it does not appear that Lilly will be prejudiced if the amendment is allowed, the Motion to Amend should be **GRANTED**. Just as the District Judge indicated at Docket Entry Number 165, the Court can consider whether or not a new Scheduling Order should be considered/entered after the Court rules on the Motion to Consolidate that is to be filed.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 1, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 184 in case 2:03-CV-02561 was distributed by fax, mail, or direct printing on November 3, 2005 to the parties listed.

---

Aubrey B. Harwell
LAW OFFICE OF AUBREY B. HARWELL, JR.
150 Fourth Ave. North
Nashville, TN 37219

Ronald G. Harris
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

J. S. Wilson
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Glen G. Reid
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Jeff Smith
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103

Mark S. Norris
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Jon D. Ross
NEAL & HARWELL, PLC
150 Fourth Ave., N.
Ste. 2000
Nashville, TN 37219

Honorable J. Breen
US DISTRICT COURT